UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REMO HARRISON DANIELS,

    Plaintiff,

v.                                                                       Case No. 24-CV-476

JEROME G. BAILEY, *et al.*,

    Defendants.

## ORDER

On June 12, 2024, *pro se* plaintiff Remo Harrison Daniels filed what he entitled a "Motion for Preliminary Injunction" (ECF No. 11) that encompassed both this case and Case No. 23-cv-33, which is in front of Judge J.P. Stadtmueller. The motion was also filed before the defendants made an appearance. In the motion, Daniels states that he is suffering irreparable harm because, as video footage shows, the defendants know he is self-harming and are failing to prevent it. (ECF No. 11 at 2.) However, Daniels does not provide the video evidence. Also, he indicates that the footage is from the events that took place in March 2023. (*Id.* at 4.)

In order to receive injunctive relief, either through a temporary restraining order or a preliminary injunction, a plaintiff must establish that (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. Fed. R. Civ. P. 65(b); *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dept. of Health*, 669 F.3d 962, 972 (7th Cir. 2012). Prisoner litigation also has an additional requirement that injunctive relief

"must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012).

The only evidence that Daniels references in support of his motion (but which he does not provide to the court) is from an incident that happened over a year ago. He offers no facts indicating that the staff is deliberately disregarding current attempts to self-harm. In response to the motion, the defendants note that Daniels's medical records show he is receiving extensive mental health treatment.

Because Daniels discusses only the incident that happened in March 2023 and does not present evidence that the defendants are currently ignoring his attempts to self-harm, he has an adequate remedy at law—the monetary damages he will receive if he wins this case. Daniel's motion for a preliminary injunction is denied. Also, the court will deny the defendants' motion for an extension of time to respond to Daniels's motion for a preliminary injunction as moot. (ECF No. 19.) This court received the case on consent after the defendants had responded to the motion.

**IT IS THEREFORE ORDERED** that Daniels's motion for a preliminary injunction (ECF No. 11) is **DENIED**.

**IT IS FURTHER ORDERD** that the defendants' motion for an extension of time (ECF No. 19) is **DENIED as moot**.

Dated in Milwaukee, Wisconsin this 16th day of August, 2024.

        BY THE COURT

        _William E. Duffin_
        WILLIAM E. DUFFIN
        United States Magistrate Judge